## THE KNICKERBOCKER INSURANCE COMPANY
### *v.*
### CORNELIUS McGINNIS.

1. INSURANCE—*notice of loss, whether in time.*  Where a policy of insurance required immediate notice to be given by the assured in case of a loss, and in the great fire in Chicago, on Oct. 9, 1871, the plaintiff's property insured was burned, notice of the loss given November 13, 1871, was held to have been given in sufficient time, in view of the great derangement in all kinds of business caused by the fire.

2. EVIDENCE—*to show damage by fire.*  In a suit upon a policy of insurance to recover for a loss by fire, evidence offered by the defendant of the listing of the plaintiff's property for taxation, and the amendment thereof, is properly rejected, the issue being the amount of plaintiff's damage.

3. AMENDMENT—*pleadings, on the trial.*  The allowance of an amendment to the pleadings during the trial, is a matter of discretion with the court, as well as granting or refusing time to prepare an affidavit for a continuance on account of such amendment, and can not be assigned for error unless the discretion is abused.

APPEAL from the Circuit Court of Lake county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was assumpsit, by the appellee against the appellant. On the trial, the defendant offered to show that the plaintiff had made a sworn return to the assessor of the City of Chicago, for the year 1871, that his total personal property subject to taxation was $3760, which the court refused to admit, on objection. The court also allowed an amendment to the declaration, after the plaintiff's proof closed.

Mr. ALLAN C. STORY, for the appellant.

Mr. M. W. ROBINSON, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Lake circuit court, on a policy of insurance, brought by Cornelius McGinnis, plaintiff, and against the Knickerbocker Insurance Company, defendants.

The cause was tried by the court, by consent, without a jury, and there was a finding and judgment for the plaintiff. A motion for a new trial was overruled, and the defendants appeal.

The policy was dated October 5, 1871, by which the plaintiff was insured for one year on a foundry, smut machine, and other classes of property, to the amount of fifteen hundred dollars, distributed in various sums on the different kinds of property insured.

It is insisted, on this appeal, that the finding and judgment are contrary to law and evidence; that the court refused proper evidence offered by the defendants, and permitted an important amendment to be made during the trial, and after the plaintiff had closed his proofs, to the declaration, and refused time to the defendants to prepare an affidavit for a continuance, deemed necessary in consequence of this amendment.

In support of the first point, it is urged there was no sufficient proof of notice and proof of loss, as required by the policy.

This property was destroyed by the "great fire" of October 9, 1871. Notice, in writing, was given to the secretary of the company, and accepted by him without objection, on November 13, thereafter. The policy provides, that in case of loss the assured shall give immediate notice thereof, in writing. It was testified by the insurance broker employed for the purpose, that the day of delivery of notice was the earliest time and occasion he was able to deliver it; and when we consider the confusion and derangement of business which such a conflagration occasioned, it can not be said the notice was not immediate. A like notice, given at the same time, under precisely the same circumstances, was held a compliance with the terms of the policy. *Knickerbocker Ins. Co.* v. *Gould et al.* 80 Ill. 388.

Upon the second point, as to the refusal to admit certain testimony offered by the defendants, as to the listing of plain-

tiff's property for taxation, we think that had nothing to do with the issue before the jury. The question with the jury was, to what extent was the plaintiff damaged.

The remaining point calls in question the exercise of a discretionary power by the circuit court. Seeing no abuse in the exercise of that power, we can not hold there was any error in the ruling of the court in that matter.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*