CASE 39—PETITION ORDINARY—JUNE 5.

# Kenton Insurance Company v. Downs, &c.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. FIRE INSURANCE—FAILURE TO FURNISH PROOFS OF LOSS WITHIN. TIME PRESCRIBED.—Where a policy of fire insurance prescribes the various acts or causes which shall work a forfeiture of the policy, and omits to provide that the failure to furnish proofs of loss within the time required by the policy shall operate as a forfeiture, and provides. that no suit can be maintained on the policy unless brought within six months after the fire, with a proviso that no action shall be commenced until the conditions of the contract have been complied with, the failure to furnish proofs of loss within thirty days, the time fixed: by the policy, does not prevent a recovery. It is sufficient if proofs. of loss are furnished before suit is brought. The company having, by its own contract, interposed a statute of limitation of such short duration as fully protects its rights, the court will not imply a forfeiture on account of the failure to furnish proofs of loss within the time prescribed.

2. SUIT PREMATURELY BROUGHT—WAIVER OF OBJECTION.—As the defendant relied on various defenses, all of which went to the merits of the controversy, it is too late to raise the question upon appeal for the first time that suit was brought, contrary to a stipulation of the policy, within sixty days after the proofs of loss were furnished.

3. AGENT RESPONSIBLE FOR FALSE REPRESENTATIONS.—As the agent of

Kenton Insurance Company v. Downs, &c.

the company was on the ground when the policy was issued, and knew the manner in which the buildings were used and occupied, he is responsible for any false representations as to these matters.

4. THE FACT THAT GUNPOWDER WAS KEPT IN THE BUILDING DOES NOT RENDER THE POLICY VOID, the quantity kept not being in excess of that which the policy provides that "stores" may keep, and this is true although the building was insured as a dwelling, as the agent had knowledge of the fact that it was used as a store, and because it was so used charged more than is usual in ordinary risks.

BROWN, HUMPHREY & DAVIE FOR APPELLANT.

1. The policy provided that proofs of loss should be furnished within thirty days after the fire, and that the loss should not be payable until sixty days after the receipt of such proofs of loss, and that no suit should be brought until the conditions and requirements of the policy had been complied with by the assured As the proofs of loss were not furnished within thirty days, the action can not be maintained. (Wood on Insurance, secs. 436, 437; 1 Allen, 279; 18 Wis., 392; 29 Pa. St., 198; May on Insurance, sec. 464; Kenton Ins. Co. v. Downs, 11 Ky. L. R., 52.)

2. The policy provided that the loss should not be payable, and that no suit should be brought, until sixty days after the delivery of proofs of loss. As this suit was filed within sixty days after proofs of loss, it could not be maintained. (10 Federal Reporter, 354; 4 Snead, 583; 15 La. Ann., 116; 65 Iowa, 308; 21 Wallace, 264; 112 U. S., 709.)

3. The building was insured as a private dwelling-house only, and the policy provided that if the building was, at the time of the issuing the policy, or at the time of the fire, occupied for a purpose other than as expressed in the policy, it should be void. When the policy was issued, and when the fire occurred, the upper floor of the building was occupied as a dwelling, but the ground floor was occupied as a country store, and the fire broke out in the store, where there were several kegs of gunpowder, the fear of which prevented efforts at salvage. This avoided the policy. (44 Cal., 320; 108 Mass., 54; 1 Woods on Insurance, 355; 24 Pa. St., 320; Western Ins. Co. v. Rector, 85 Ky., 294.)

4. The fact the soliciting agent for the company knew, at the time the "application" for the policy was made and signed by Downs, that a store was then kept in the building, did not prevent the policy afterwards issued from being a contract and promise, binding on Downs, that he would not thereafter, and during the life of the policy, occupy the building as a store. The policy controlled, and the agent's previous knowledge did not annul the contract in the policy thereafter issued. (Western Ins. Co. v. Rector, 85 Ky., 294; Wright v

Northwestern Ins. Co., 11 Ky. Law Reporter, 519; Gailbraith v. Arlington Ins. Co., 12 Bush, 29; N. Y. Ins. Co. v. Fletcher, 117 U. S., 519.)

5. The policy provided that if gunpowder was kept on the premises it should be void; but it allowed gunpowder to be kept where the premises were insured as a country store. As this building was insured, not as a country store, but as a dwelling-house, and as gunpowder was kept in it in large quantities, the policy was thereby avoided. (Western Ins. Co. v. Rector, 85 Ky., 294; Gailbraith v. Arlington Ins. Co., 12 Bush, 29; Wright v. Northwestern Ins. Co., 11 Ky. Law Reporter, 519.)

COLLINS & FENLEY of counsel on same side.

H. L. STONE and HARGIS & EASTIN for appellees.

1. The appellant's conduct, coupled with the denial in the answer of all liability on other grounds, amounted to a waiver of proofs of loss, at least within the thirty days. (Kenton Ins. Co. v. Wigginton, 11 Ky. Rep., 539; Home Ins. v. Gaddis, &c., 10 Ins. Law J., 774; Dohn v. Ins. Co., 5 Lansing, 275; Owen v. Ins. Co., 57 Barb., 518.)

2. The furnishing of proofs of loss within thirty days is not a condition precedent to the liability of the company. The assured is merely deprived of his right to enforce the liability *until* proofs are furnished. (Lafarge v. Liverpool, London and Globe Ins. Co., 17 Lower Can. Jur., 237; Weir v. Northern Counties of England Ins. Co., 4 Law Reports (Ireland), 689; Columbia Ins. Co. v. Lawrence, 10 Peters, 512; Northwestern Ins. Co. v. Atkins, 3 Bush, 333; Northwestern Ins. Co. v. Gaddis & Buven, 3 Ky. Law Rep., 159; Hutchinson v. Ins. Co., 39 Up. Can. Q. B., 483; Phœnix Ins. Co. v. Spiers & Thomas, 87 Ky., 289.)

A substantial compliance with the requirements of the policy as to preliminary proofs is sufficient, and the failure to object to proofs filed is a waiver. (Ins. Co. v. Cohen, 20 Grattan, 312; Walker v. Ins. Co., 56 Me., 380; Bartlett v. Ins. Co., 46 Me., 500.)

The requirement that proofs shall be made "immediately" means within a reasonable time. (Rokes v. Amazon Ins. Co., 51 Md., 512.)

The requirement of *notice* "immediately" or "forthwith" means *with due diligence* under all the circumstances. (Phillips v. Protection Ins. Co., 14 Mo., 222; Peoria Ins. Co. v. Lewis, 18 Ill., 533; Knickerbocker Ins. Co. v. McGinnis, 87 Ill., 76.)

More liberality is allowed in the construction of the condition as to proofs than in a condition as to notice. (Ins. Co. v. Scammon, 100 Ill., 644; Killips v. Putnam Ins. Co., 28 Wis., 472.)

If there is any ambiguity in the meaning of the language used, it must be construed most strongly against the company. (Phœnix Ins. Co. v. Spiers & Thomas, 87 Ky., 294.)

3. Facts material to the risk made known to the soliciting agent before the policy is issued are constructively known to the company, and can not be set up to defeat a recovery on the policy; and his mistakes, negligence or omissions are those of the company, even though the policy provides that where the application is made through an agent of the company the applicant shall be responsible for such agent's representations. (May on Insurance, secs. 132, 142, 143, 144; 2d ed., 497-8; Bebee v Ins. Co., 25 Conn., 51, 62-65; Ins. Co. v. Hall, 12 Mich., 202; Hough v. Ins. Co., 29 Conn., 21; 'Woodbury Savings Bank v. Ins. Co., 31 Conn., 526; Miller v. Ins. Co., 31 Iowa, 224; Masters v. Ins. Co., 11 Barb., 624; Ins. Co. v. Schell, 29 Pa. St., 31; Ins. Co. v. Cooper, 50 Pa. St., 334; Ins. Co. v. Spencer, 53 Pa. St., 360; Ins. Co. v. Wilkinson, 13 Wall., 226; Ins. Co. v. Mahone, 21 Wall., 152; Rowley v. Ins. Co., 36 N. Y., 550; Bliss on Insurance, secs. 80-81; Beal v. Ins. Co., 16 Wis., 241; Howitz v. Ins. Co., 40 Mo., 557; Boggs v. Ins. Co., 30 Mo., 63; Ins. Co. v. Wright, 22 Ill., 474; Ins. Co. v. Haas, 10 Ky Law Rep., 573; Mut. Ben. Life Ins. Co. v. Daviess' Ex'r, 87 Ky., 548; Western Assurance Co. v. Rector, 85 Ky., 294; American Fire Ins. Co. v. Nugent, 8 Ky. Law Rep., 119.)

The case of Ins. Co. v. Fletcher, 117 U. S., 531, is not inconsistent with the foregoing authorities.

4. The agent should, in the absence of notice to the contrary, be regarded as possessing all the powers his occupation fairly imports to the public. (May on Insurance, sec. 126; Phœnix Ins. Co. v. Spiers & Thomas, 87 Ky., 297.)

In this case there was no notice to the assured of any limitation upon the authority of the agent in the matter of taking applications.

5. The denial of liability by the company is a waiver of the stipulation in the policy allowing the insurer sixty days within which to pay the loss, and suit may be brought at once. (Norwich & New York Transportation Co. v. Ins. Co., 34 Conn., 561; Northwestern Mut. Ins. Co. v. Campbell, Superior Court of Kentucky, Feb. 19, 1890.)

The plea that the suit was prematurely brought, being in abatement, should have been made by a motion to dismiss without prejudice; but defendant waived its right to make such a motion by pleading to the merits. (Ward v. Trimble, 3 Mar., 311.)

6. The policy expressly permits the keeping of gunpowder in case of stores. The quantity kept by the assured was within the permission. This case is unlike Western Assurance Co. v. Rector, 9 Ky. Law Rep., 3.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The Kenton Insurance Company, on the 26th of March, 1886, issued its policy of insurance to William

Downs on a two-story frame building and the household furniture—sixteen hundred dollars on the building and two hundred dollars on the furniture. The building was burned on the 7th of March, 1887. The preliminary proofs of loss were furnished on the 16th of April, 1887, and additional proof on the 16th and 25th of May of the same year.

The judgment below was for the policy-holder, Rebecca Downs, to whom it had been assigned, and from that judgment the company has appealed.

The principal, and, in fact, the only question necessary to be considered, and the one upon which a reversal was had in the Superior Court, arises from the failure to furnish the company the proof of the loss within thirty days after the destruction of the property. It is maintained by the appellant that the provision of the policy requiring this proof to be made and furnished within thirty days is a condition precedent to the liability on the part of the company, unless there is proof showing a waiver. On the other hand, it is argued by the appellee that this requirement is a condition precedent to the right to institute the action. There is some discussion in the briefs of counsel in regard to the question of waiver, but as the main question, and the one decisive of this case, must be considered, it is not deemed necessary to determine whether or not the company waived its right to have the proof of loss within the specified time. Where notice or proofs of loss are required to be made forthwith, or within a reasonable time, which is, in effect, the same, it becomes at once necessary to determine the question of diligence on the part of the insured,

and if, under the circumstances of the particular case, he has used reasonable diligence in furnishing his proof, it is all that should be required.    (Knicker-bocker Insurance Co. v. McGinnis, 87 Ill., 70; Phillips v. Protection Insurance Co., 14 Mo., 220.)

The policy before us, like many others, contains stipulation after stipulation rendering the policy void, and forfeiting all claim on the part of the insured to a recovery.   These stipulations are found under the heads, *This company shall not be liable* and *General Provisions*, in which we find as many as fifteen or twenty states of case in which the company is released from all liability.   In this contract of insurance the causes of forfeiture are classified, and the attention of the insured called to all the causes working a forfeiture of the policy or relieving the company from all liability.   The contract then proceeds to specify the manner in which the insured shall proceed in case of loss.   "*Proceedings in case of loss:* He shall *forthwith* give written notice of said loss or damage to this company, and shall, within thirty days, render a particular account of said loss or damage, signed and sworn to by him," &c.   Under this heading it is further provided that either party may, after the proof has been furnished, claim in writing that the difference, if any, shall be referred to arbitration, with the option on the part of the company to repair or rebuild the property by giving notice of its intention to do so *within sixty days after the receipt of the proofs of loss*.   It is further provided, that the loss shall not be payable *until* sixty days after the proof of loss has been furnished.   The contract then closes

with the stipulation "that no suit or action for the recovery of any claim by virtue of this policy shall be commenced until after the amount of such claim has been ascertained by arbitration as provided, nor until all the conditions, provisions and requirements of this policy have been complied with by the assured; nor shall any suit or action be sustained in any court, unless such action shall be commenced within six months next after the fire shall occur; and should any action be commenced against this company after the expiration of six months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim and an absolute bar to such action."

The peculiar verbiage of this contract, and the various classifications fixing the liability of the company, the causes of forfeiture, and the directions by which the assured is to proceed in case of loss, show conclusively the purpose of the company to postpone the right of action merely until the proof of loss is furnished, and, by a statute of limitation made part of the contract, has fixed the period when this liability terminates.   We are aware that case after case may be found involving similar questions under ordinary policies of insurance where it has been held that the failure to furnish the proof in the time required is held to be a condition precedent to all liability on the part of the company, for the reason that the company, for its own protection, should at once be permitted to investigate the cause of the fire, and have at hand every opportunity for informing itself with reference to all the facts connected with the destruction of the

property; but where the company, by its own con-
tract, has prescribed the conditions upon which the
contract is to end, and omits to make the failure to
furnish the proof within the thirty days as a cause
of forfeiture, and fixes a statute of limitation of six
months, with a proviso that no action shall be com-
menced until the conditions of the contract have been
complied with, it becomes apparent that no such con-
struction should be placed upon the terms of the
policy as would defeat the recovery on the ground
alone that the proof had not been furnished within
the thirty days.    Such a construction would fix the
statute at thirty days instead of six months, and in-
flict upon the assured a punishment by way of for-
feiting his right to recover when, by either a strict
or liberal construction of the policy, its plain mean-
ing is that these proofs must be furnished before suit
is brought, and that no action can be maintained after
six months.    "Conditions affecting the risk itself are
more strictly enforced than those relating to the mode
of establishing the loss."    (Insurance Co. v. Spiers, 87
Ky., 285.)

In Columbia Insurance Company v. Lawrence, 10
Peters, 507, the insured, by the terms of the policy,
was required, *as soon as possible* after the loss, to de-
liver an account of the loss and damage, and further,
that said loss or damage was to be paid within sixty
days after notice and proof.    It was held in that case
that the delay was not injurious to the company, but
the assured was deprived of the right to sue until
the proof was procured.    In Weir v. The North Coun-
ties of England Insurance Co., 4 L. R. Ir., 689, the

policy provided: "On the happening of any loss or damage by fire, * * * the insured is forthwith to give notice, in writing, to the company; and, within fifteen days at least, deliver to the company a particular account. * * And in default thereof no claim in respect of such loss or damage shall be payable until such notice, account, proof, * * * are given and produced." The court held in that case that the failure to deliver the account within the fifteen days was not a condition precedent to the right of recovery. While the cases are not exactly similar, it is plain that the provision in that contract, by which no action could be maintained until the conditions in regard to proof of loss had been complied with, enlarged the time for bringing the action, and particularly when the contract created a statute of six months operating as a complete bar to the recovery. Giving, therefore, this entire contract a just and proper interpretation, it must be held that the failure to produce the proof within the thirty days worked no forfeiture of the right to recover, and the instruction to that extent was proper.

Courts have so construed contracts of insurance as to fully protect companies against imposition and fraud on the part of the assured, and have required a strict compliance with that provision of the contract requiring the proof of loss to be furnished in a specified time; but where the company, by its own contract, has interposed a statute of limitation of such short duration as fully protects its rights in this particular, with the right to postpone the payment of the loss sixty days, which is to be included

in the computation of time when applying this stat-
ute, and in the absence of any provision forfeiting
the right of recovery on such a ground as the failure
to furnish the proof, .it obviates the necessity of es-
tablishing any rule in this regard, other than the
contract itself, for the protection of insurance com-
panies. The appellant has made stipulations for its
own protection, and this court will not imply a for-
feiture or terminate the contract under such circum-
stances.

It is insisted by counsel for the appellant that
although the failure to take and present the proof
may not have constituted a defense to the action,
still, as the proof was presented in May, 1887, and
this action instituted in the month of June follow-
ing, no recovery should be allowed, because the policy
provides in stipulation No. 32 that the loss shall not
be paid until sixty days after the proof of the loss
has been furnished; that the action was premature,
having been brought within thirty days after the proof
had been made complete. This defense is made alone
by the brief filed, and no plea in abatement or de-
murrer interposed in the court below on such a
ground; but, on the contrary, the appellant relied on
various defenses to the action, all of which went to
the merits of the controversy, and it is now too late
to raise the question.

It is manifest from the testimony that the agent
of the company was on the ground when the policy
was issued. He knew the manner in which the build-
ings were used and occupied, and the representations,
if false, came from the agent, and not the assured.

It appears that the agent charged more than is usual in ordinary risks, because a part of the building was used as a store, and the fact that there was gunpowder in the store constitutes no defense to the action, the quantity kept not being in excess of that which the policy provides that "stores" may keep.

The jury determined all the questions of fact that are now urged as grounds for a reversal, and the evidence being conflicting, we have thought proper to decide only the legal questions involved.

The judgment below is affirmed.