## Robert A. Schoenfeld, Defendant in Error, v. M. Kulwinsky, Plaintiff in Error.

### Gen. No. 21,494.

1. LANDLORD AND TENANT, § 364*—*how word "immediately" in Landlord and Tenant Act construed.* The word "immediately" as used in section 17 of the Landlord and Tenant Act (J. & A. ¶ 7055), requiring one levying a distress warrant to immediately file with the clerk of a court of record of competent jurisdiction a copy of the warrant together with an inventory of the property levied upon, does not require him to file them immediately, but only requires him to act promptly and to file them in such convenient time as is reasonably requisite for doing so.

2. LANDLORD AND TENANT, § 398*—*when evidence sufficient to establish an immediate filing of copy of distress warrant and inven-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*tory.* Where within forty-four hours after the seizure, under a distress warrant, of goods which were removed, inventoried and stored, a copy of the warrant and the inventory were filed with the clerk of the court whose office was situated ten miles from the place of seizure, a jury may properly find that such filing was done "immediately" within the meaning of the statute.

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 17, 1916.

COMERFORD & COHEN, for plaintiff in error.

WILLIAM H. TATGE, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff Schoenfeld issued a distress warrant to collect $100 of rent alleged to be due him from defendant Kulwinsky, and levied the same on 381 pairs of shoes, the property of defendant. The levy was made at four o'clock p. m., January 19, 1915. The goods were removed, stored, an inventory prepared, the suit begun, and a copy of the warrant and the inventory filed with the clerk of the Municipal Court before noon January 21st, about forty-four hours after the warrant was levied. The jury by their verdict found the issues as to the right of plaintiff to levy the distress warrant and as to the merits of the action against the defendant and assessed plaintiff's damages at the sum of $100. The court denied defendant's motion for a new trial and gave judgment on the verdict, to reverse which Kulwinsky prosecutes this writ of error. Section 17 of the Landlord and Tenant Act (J. & A. ¶ 7055) provides that: "The person making such distress shall immediately file * * * with the clerk of a court of record of competent jurisdiction a copy of the distress warrant, together with an inventory of the property levied upon."

The only ground of reversal urged by plaintiff in error in the brief is that a copy of the distress warrant and inventory was not immediately filed with the clerk. The only instruction asked by defendant was that the court direct a verdict for the defendant.

In strict construction, the word "immediately" excludes the lapse of any interval of time, but that is not the meaning of the word as used in the statute. The goods must be removed, an inventory prepared and a copy thereof and of the distress warrant made and filed with the clerk of the court. In the case at bar the distress warrant was levied nearly ten miles from the office of the clerk of the Municipal Court. We think that the word "immediately" as used in the statute did not require the plaintiff to file the warrant instantly, but only required him to act promptly and to file a copy of the warrant and inventory in "such convenient time as is reasonably requisite for doing the thing." Baron Alderson in *Thompson v. Gibson,* 8 Mees. & W. 281. In *People's Accident Ass'n v. Smith,* 126 Pa. St. 317, where the policy provided that, "immediate written notice" should be given, it was said, p. 325: "The word 'immediate' in the contract must be construed to mean within a reasonable time thereafter under all the facts and circumstances of the case, and what is a reasonable time must be decided by the jury unless, as before observed, the delay has been so great that the court may rule it as a question of law." To same effect are:

*McCormick Harvesting Mach. Co. v. Brower,* 88 Iowa 607; *Taber v. Royal Ins. Co.,* 124 Ala. 681; *Knickerbocker Ins. Co. v. McGinnis,* 87 Ill. 70.

We think that the jury from all the facts in the case might properly find that the plaintiff filed a copy of the distress warrant and inventory with the clerk of the Municipal Court "immediately" after the levy within the meaning of the word "immediately" as used in the statute, and the judgment is affirmed.

*Affirmed.*