## Falls City Plumbing Supply Company v. Potomac Insurance Company

(Decided January 10, 1922.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Insurance—Theft Insurance—Notice—Sufficiency—Question for Jury.—Under a policy insuring against the theft of an automobile and requiring notice of the loss to be given forthwith, the word, "forthwith," means within a reasonable time, and unless the lapse of time is so long as to be obviously a non-compliance with the contract, the question whether the notice was given within a reasonable time is one for the jury.

2. Insurance—Theft Insurance—Notice—Sufficiency—Question for Jury.—Where an automobile was stolen on the night of June 13, 1919, and written notice of the loss was mailed on June 17th and received by the insurance company on June 18th, it cannot be said, as a matter of law that the notice was not given within a reasonable time.

WALTER S. LAPP for appellant.

ERNEST SPRAGUE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On June 2, 1919, the Potomac Insurance Company executed and delivered to the Falls City Plumbing Supply Company a policy insuring it in the sum of $500.00 against the loss by theft, of a Ford automobile. The policy contained the following provisions:

"In the event of loss or damage the assured shall forthwith give notice thereof in writing to this company or the authorized agent who issued this policy, and shall protect the property from further loss or damage; and within sixty days thereafter, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said assured, stating the knowledge and belief of the assured as to the time and cause of the loss or damage. . . .

It is a condition of this policy that failure on the part of the assured to render such sworn statement of loss to the company within sixty days of the date of loss (unless such time is extended in writing by the company) shall render such claim null and void. . . .

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the assured shall have fully complied with all the foregoing requirements, nor unless commenced within twelve months next after the happening of the loss, provided that where such limitation of time is prohibited by the laws of the state wherein this policy is issued, then and in that event no suit or action under this policy shall be sustainable unless commenced within the shortest limitation permitted under the laws of such state."

The machine was stolen on the night of June 13, 1919, and the company having declined to pay the loss, the Falls City Plumbing Supply Company brought suit to recover on the policy. The company filed an answer defending on the ground that, notwithstanding it was alleged in the petition that plaintiff made immediate report of the alleged loss of the automobile to the defendant, plaintiff did not notify or advise the defendant of the loss prior to the 18th day of June, 1919, when defendant received notice by letter dated June 17, 1919, and that this was not a forthwith notice as required by the policy. Plaintiff's demurrer to this paragraph of the answer was overruled, whereupon plaintiff filed an amended petition containing the following averment:

"Plaintiff further states that immediately after the theft of plaintiff's automobile on June 13, 1919, as stated in the petition, to-wit, on June 14, 1919, plaintiff notified one Sam Z. Lorch, agent for the defendant, who represented the defendant in the negotiation wherein plaintiff acquired the policy of insurance sued upon. That plaintiff at said time requested the said Lorch to notify the general agent of the defendant in the city of Louisville, of the loss of said automobile, and to acquire for plaintiff blank upon which to furnish proofs of loss; that immediately thereafter on said June 14, 1919, the said Sam Z. Lorch did notify the defendant's general agent in the city of Louisville, of the loss of said automobile by theft and that as soon as the said Lorch received said proof of claim from the general agent, said Lorch brought said proof of claim to the plaintiff and that plaintiff there-

after, on June 17, 1919, and as soon as it definitely ascertained that said machine was stolen, according to the terms of the policy sued on, and that the officer of the police department in locating the thief and securing the return of the machine had been unsuccessful, filed a written notice of proof of loss with the defendant as set forth in the original petition, such written proof of loss being filed with the answer.''

Defendant's demurrer to the petition as amended was sustained and the petition dismissed. Plaintiff appeals.

The demurrer was sustained on the ground that the notice of the loss did not meet the requirements of the policy, in that the verbal notice was insufficient, and the written notice was not given in time. The policy insured plaintiff not only against theft, robbery or pillage, but against fire and lightning and injury or damage occurring while the machine was being transported in a conveyance by land or water, and the notice requirement applies to every kind of loss or damage. As the company may desire to investigate the circumstances attending the loss or damage, and take steps either to repair the machine or to recover it, if stolen, it cannot be said that a provision of a policy, requiring the insured to give forthwith a notice of the loss or damage, is unreasonable. The question is, was the notice given forthwith? If the word, ''forthwith,'' should be construed as meaning, ''instantly,'' there would be few instances where there would ever be any recovery on such policies. The result would be that the policies, instead of being contracts of indemnity, would be mere instruments of fraud, giving nothing in return for the premiums received. That being true, it has long been the settled rule in this state that the word, ''forthwith,'' or ''immediate,'' as used in a policy of insurance with respect to the time of notice of loss, means within a reasonable time, and unless the lapse of time is so long as to be obviously a non-compliance with the contract, the question whether the notice was given within a reasonable time is one for the jury. This rule has been applied in the case of fire insurance, Kenton Insurance Co. v. Downs, 90 Ky. 236, 13 S. W. 882; Phoenix Insurance Co. v. Coomes, 14 Ky. L. R. 603, 20 S. W. 900, employers' indemnity insurance, Fidelity & Guaranty Co. v. Western Bank, 94 S. W. 3, 29 Ky. L. R. 639; Employers' Liability Assur. Corporation v. Stanley Deposit

Bank, 149 Ky. 735, 149 S. W. 1025, and accident insurance, Aetna Life Ins. Co. v. Bethel, 140 Ky. 609, 131 S. W. 523, and we perceive no reason why the same rule should not be applied in the case of insurance against the theft of an automobile. It is admitted by the demurrer that the machine was stolen on the night of June 13th, and that written notice of the loss was mailed to the company on June 17th and received by it on June 18th. In other words, notice was given within four days, and received by the company within five days from the time the machine was stolen, and we cannot say, as a matter of law, that the notice was not given within a reasonable time. It follows that the court erred in sustaining the demurrer to the petition as amended.

Judgment reversed and cause remanded for proceedings consistent with this opinion.