EDWIN EPSTEIN, Plaintiff, *v.* THE MUTUAL LIFE INSURANCE COM-
PANY OF NEW YORK, Defendant.

Supreme Court, New York County, April 2, 1932.

*Samuel W. Fried [Alfred C. B. McNevin* of counsel], for the plaintiff.

*Frederick L. Allen [Louis W. Dawson* of counsel], for the defendant.

COHN, J. This is a motion to dismiss the complaint for legal insufficiency. The action is brought to recover disability benefits alleged to be due under three policies of life insurance, similar in form, each containing the following provision: " If the Insured, after payment of premium for at least one full year and before default in the payment of any subsequent premium, and before attaining the age of sixty years, and while this policy is in full force, shall furnish proof satisfactory to the Company, at its Home Office in the City of New York, that he has become wholly and permanently disabled by bodily injury or disease so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit or from following any gainful occupation, and that such disability has existed continuously for not less than sixty days, the Company will waive payment of premiums thereafter becoming due under this policy during the continuance of such disability."

The complaint prays for a judgment decreeing the policies be adjudged in full force and effect during the lifetime of the plaintiff, without payment of any further premiums, and for a judgment in the sum of $5,683.64 for premiums paid during the alleged disability of the plaintiff.

There is no ambiguity in the language of the policy, and it must be construed according to the plain, usual and ordinary meaning of the words that the parties have employed. (*Houlihan* v. *Preferred Accident Insurance Co.*, 196 N. Y. 337, 340; *Perlman* v. *N. Y. Life Insurance Co.*, 234 App. Div. 359.) Under the terms of the quoted portion of the policies, the defendant insurance company was not obliged to waive payment of premiums during the continuance of any disability, *unless before attaining the age of sixty years* and while the policies were in full force and effect, and after payment of premiums for at least one year, and before default in the payment of any subsequent premiums, the insured furnished proof satisfactory to the company that he had become wholly and permanently disabled by bodily injury or disease, and that such disability had existed continuously for not less than sixty days. The obligation of the company to waive payment of premiums does not rest upon the existence of the disability of the insured but it is the receipt by the company before the insured attains the age of sixty years, of proof of the disability, which is definitely made a condition precedent to an assumption by it of waiver of all future premiums becoming due. (*Bergholm* v. *Peoria Life Ins. Co.*, 284 U. S. ——; 52 S. C. R. 230.)

To recover, the plaintiff must allege and prove that he has performed all of the conditions of the policies on his part to be performed or that performance has been waived. (*Todd* v. *Union Casualty & Surety Co.*, 70 App. Div. 52, 55.) Plaintiff's failure to allege that the insured, before attaining the age of sixty years, furnished proof satisfactory to the company of the alleged permanent disability or that the performance of that condition was waived, renders the complaint fatally defective. Plaintiff's ignorance of the provisions of the policies entitling him to waiver of premiums, is concededly no excuse for failure to comply with the express terms of the contracts. (*Whiteside* v. *North American Accident Ins. Co.*, 200 N. Y. 320; *Metzger* v. *Ætna Insurance Co.*, 227 id. 411, 415; *Manson* v. *N. Y. Life Ins. Co.*, 229 App. Div. 670, 675.) The complaint does not state facts sufficient to constitute a cause of action. The motion to dismiss is, therefore, granted, with leave to plaintiff to amend within twenty days after service of a copy of this order with notice of entry thereof upon payment of ten dollars costs.