928

## PETERS v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 3352.

District Court, M. D. Pennsylvania. [1]

Nov. 13, 1933.

Forest J. Mervine, of Stroudsburg, Pa., for plaintiff.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

The question of law to be decided is raised on an affidavit of defense raising questions of law to plaintiff's statement of claim. The plaintiff brought his action of assumpsit to recover the sum of $304.20, a premium paid on October 18, 1930, on an insurance policy, No. 4069323, issued to the plaintiff on his life, October 18, 1928, and also to recover $100 per month from July 3, 1930, down to the time of trial, with interest; also the sum of $408.90, a premium paid on October 18, 1930, on an insurance policy, No. 4069324, issued to the plaintiff on his life October 18, 1928.

The plaintiff contends that on July 3, 1930, while at the age of thirty-four years, he became totally and permanently disabled by disease causing an impairment of his body so that since that date he has been continuously prevented thereby from following a gainful occupation and that by section 3 of policy No. 4069323, which provides, "If, before attaining the age of sixty years and while no premium on this policy is in default, the Insured shall furnish to the Company due proof that he is totally and permanently disabled, as defined above, the company will grant the following benefits during the remaining lifetime of the insured so long as such disability continues. * * * The company will pay a monthly income to the Insured of the amount stated on the first page hereof ($10. per $1,000 face amount of Policy), beginning upon receipt of due proof of such disability, etc. * * * The Company will also, after receipt of such due proof, waive payment of each premium as it thereafter becomes due during such disability." The plaintiff is entitled to recover $100 per month from October 18, 1930, to the time of trial, and the premium of $304.-20, which he paid October 18, 1930, after he became totally and permanently disabled by disease on July 3, 1930. The plaintiff contends that by the provisions of section 3 of policy No. 4069324, which provides, "If, before attaining the age of sixty years and while no premium on this policy is in default, the Insured shall furnish to the company due proof that he is totally and permanently disabled, as defined above, the company will waive payment of each premium as it thereafter becomes due during such disability," he is entitled to recover the premium of $408.90 paid on this policy October 18, 1930.

But in the defendant's affidavit of defense raising questions of law, the defendant contends that the plaintiff's statement of claim is insufficient to show a cause of action for the reason that it fails to set forth that the plaintiff furnished to the defendant company "due proof" that he was totally and permanently disabled on July 3, 1930.

The plaintiff could not recover in this action unless at the trial he showed that he had furnished due proof of his permanent and total disability or that such proof was waived by the defendant company, and since such proof is an essential condition or requisite for recovery, it is necessary that plaintiff's statement allege such proof. In this respect plaintiff's statement is insufficient and the defendant's affidavit of defense raising questions of law must be sustained.

And now, November 13, 1933, the defendant's affidavit of defense raising questions of law is sustained, and the plaintiff is allowed fifteen days in which to file an amended statement of claim.