# New York Life Insurance Company v. Gunn.

(Decided March 23, 1934.)

WM. MARSHALL BULLITT, BRUCE & BULLITT and EUGENE B. COCHRAN for appellant.

J. C. BAKER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellee brought suit against the appellant for certain benefits alleged to be due him under an insurance policy issued to him by the appellant; and for the return of a premium paid by him in January, 1931. From a judgment in his favor in the sum of $349.16, a motion for an appeal is made in this court.

On January 4, 1926, the appellant issued the policy in question to the appellee. The policy, among other things, provided that the appellant agreed to pay to the appellee $70, "each month during the lifetime of the insured, and also to waive the payment of premiums if the insured becomes wholly and presumably permanently disabled before age 60, subject to all the terms and conditions contained in Section 1 hereof." Section 1 referred to, in so far as pertinent, reads as follows:

"1. Total Disability.—Disability shall be deemed to be total whenever the Insured is wholly disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit.

"2. Permanent Disability.—Disability shall be presumed to be permanent,—[a] Whenever the Insured will presumably be so totally disabled for life; or—[b] After the Insured has been so totally disabled for not less than three consecutive months immediately preceding receipt of proof thereof.

"3. Benefits.—Upon receipt at the Company's Home Office, before default in payment of premium, of due proof that the Insured is totally and presumably permanently disabled and that such disability occurred after the insurance under this Policy took effect and before its anniversary on which the Insured's age at nearest birthday is sixty years, the following benefits will be granted:

"[a] Income Payments.—The Company will pay to the Insured a monthly income of $10 per $1,000 of the face of the policy during his lifetime and continued disability, beginning immediately on receipt of said proof. Any income payment due before the Company approves the proof of disability shall be payable upon such approval. If disability results from insanity, income payments under this section will be paid to the beneficiary in lieu of the Insured.

"[b] Waiver of Premiums.—The Company will waive payment of any premium falling due after approval of said proof and during such disability. Any premium due prior to such approval is payable in accordance with the terms of the policy, but if due after receipt of proof will, if paid, be refunded upon approval of proof."

The facts are not in dispute and are thus stated by the appellant, the appellee in his brief conceding that the appellant's statement of the facts is full and correct:

"Dr. Gunn became totally disabled on November 26, 1930, because of a duodenal ulcer and remained so totally disabled until April 17, 1931, at which time, as Dr. Gunn himself as well as all the witnesses who testified agreed, he ceased to be totally disabled and returned to his work *** On April 3, 1931, Dr. Gunn forwarded his proofs of claim to the appellant. * * * Upon receipt of these proofs, the appellant paid Dr. Gunn the benefits of $70.00 per month for the last two of the five months during which he was totally disabled. * * * Dr. Gunn then sued the appellant to recover (1) $210.00, or $70.00 per month for the first three months of his disability * * * and (2) the annual premium of $139.16 due January 4, 1931, and which Dr. Gunn had paid, or a total of $349.16."

First, as to the liability of the appellant for the

claimed benefits for the first three months of appellee's disability. This question is essentially that discussed and decided adversely to appellee's contention in the case of Mutual Life Ins. Co. of New York v. Wheatley, 243 Ky. 69, 47 S. W. (2d) 961. In the instant case, appellee seems in his brief to confuse liability for permanent illness and liability for total and presumably permanent disability. It may be, as appellee contends, that the evidence shows that Dr. Gunn will never be free from the duodenal ulcer from which he suffers. But the policy was not insurance against a permanent illness alone, but insurance against total and presumably permanent disability. The definition of both of these terms as used in the policy is set out in section 1 of that instrument. There is no contention about the definition of total disability in the instant case. Permanent disability under the provisions of subsection 2 of section 1 is presumed to be permanent, first, whenever the insured will be presumably be totally disabled for life as the word "total" is thereinbefore defined. Obviously appellee does not come within this definition, since it is conceded that after April 3d he was no longer totally disabled within such definition of the words "totally disabled." Secondly, disability is presumed to be permanent under this subsection 2 of section 1 of the policy, when the insured has been totally disabled within the policy definition of the word "total" for not less than three consecutive months immediately preceding receipt by the company of proof thereof. As set out in the Wheatley Case, this definition clearly means that, if a total disability which is not in fact permanent in character continues for as much as three months, it shall thereafter during its continuance, and until there is a recovery, be presumed to be permanent in character. But, in such state of case, the benefits under the policy do not begin until the three months' period has expired. The same result as reached in the Wheatley Case was reached in Perlman v. N. Y. Life Ins. Co. 234 App. Div. 359, 254 N. Y. S. 646. It follows that the appellee was not entitled to any benefits for the first three months of his total disability.

Secondly, as to the recovery of the premium paid in January, 1931. It is conceded that, under the strict letter of the policy, the company was not called upon to waive premiums until after the approval by the apellant of proof of total permanent disability submitted by the appellee. In the nature of things, there could be no such

proof during the first three months of appellee's disability, because appellee's presumable permanent disability did not fall within clause a of subsection 2 of section 1, but under clause b of that subsection. The premium fell due during these three months, and so, even though the agent had been informed of appellee's illness during the three months in question, as appellee contends, it is perfectly obvious that there could have then been no waiver of premiums, since at that time no benefits were due, and hence there could be no proof of loss, a condition precedent to this matter of waiver of premiums. The same result as here reached on this point was reached in the Perlman Case, supra. It follows that the lower court should have dismissed the appellee's petition.

The appeal prayed is granted, and the judgment is reversed for proceedings consistent with this opinion.