## Mutual Life Insurance Co. of New York v. Smith.

(Decided Jan. 22, 1935.)

710

BRUCE & BULLITT and R. LEE BLACKWELL for appellant.

RODES K. MYERS and W. R. GARDNER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

For paid premiums, the Mutual Life Insurance Company of New York, in October, 1919, issued and delivered to Jasper A. Smith two policies by which it agreed to pay Carrie Smith "upon receipt at its home office of due proof of the death of Jasper A. Smith," $1,000 on each of the policies. In so far as the policies provide for the payment of the benefits to the beneficiary in the event of the death of Jasper A. Smith,

they are not here involved. The terms, provisions, and conditions of the policies are identical. They contain the following:

"Benefits in the Event of Total and Permanent Disability Before Age 60.

"When Such Benefits Take Effect.—If the Insured, after payment of premiums for at least one full year, provided all past due premiums have been duly paid, shall before attaining the age of sixty years at nearest birthday and while this Policy is in full force furnish due proof to the Company at its Home Office that he has become totally and permanently disabled by bodily injury or disease, so that he is, and will be, permanently, continuously and wholly prevented thereby from performing any work for compensation, gain, or profit, or from following any gainful occupation, and that such disability has then existed continuously for not less than sixty days, the Company will grant the following benefits."

"Income to Insured.—One year after the anniversary of the date of issue of this Policy next succeeding the receipt of said due proof, the Company will pay to the Insured, if then living and such disability still continue, a sum equal to one-tenth of the face amount of the Policy, [but not including dividend additions] and a like sum on each such anniversary thereafter, if the Insured be then living and such disability still continue."

Declaring in his petition that he had, in 1926, become "totally and permanently disabled by bodily disease, so that he was, is, and will be, permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit, or from following any gainful occupation, and that such disability" had "existed continuously for not less than sixty days next before he had furnished, to the Mutual Life proof of disability," Jasper A. Smith sought to recover on the disability benefit clause of the policies one-tenth of the face amount of each policy, claiming the same was due "one year after the anniversary of the date of the issue of the policy, next succeeding the receipt of the due proof of the disability." He alleged that he had paid the company, after the commencement of his total and permanent disability, $809 in premiums,

which he averred he did not owe, the same being waived by a clause in the policies, by reason of his disability; that his total and permanent disability occurred before arriving at the age of sixty, and he had furnished the Mutual Life, at its request, proof of disability. The date on which the proof was furnished is not stated in the petition.

The Mutual Life traversed the petition and set forth the above-quoted clauses of the policies and an additional clause, reading:

"An additional annual premium of $2.55 in consideration of which these disability benefits are granted, is payable for eleven full years, or until the prior termination of the provision for these benefits. The premium stated on the face of the policy includes such an additional premium and the premium payable after the provision for these benefits terminates, will be the premium stated on the face of the policy, less the amount of such additional premium."

And charged that on October 16, 1930, the annual premium on each of the policies was reduced to $47.46, when the insured reached the age of sixty; that he became sixty years of age on November 15, 1930; but "did not furnish due, or any, proof, to the Mutual Life that he had become totally and permanently or at all disabled by bodily injury or disease or otherwise; nor otherwise given notice to it that he had suffered a total or other disability from disease or otherwise." It pleaded these provisions of the policies and these facts as a bar to his recovery of the disability benefits and the premiums paid between October, 1926, and the date of the furnishing proof of disability.

On a submission of the issues to the jury, under the instructions of the court, a verdict was returned in Smith's favor for $1,884.84, with 6 per cent. interest on $1,589.92 from October 3, 1932, and like interest on $294.92 from October 16, 1932.

To sustain the judgment from which this appeal was taken, Smith contends "the policies sued on, indemnify the insured against permanent, total disability before reaching the age of sixty, and if such disability is established, indemnity dates from date of disability, notwithstanding notice and proof of disability was filed

until after reaching that age." "If the disability is total, but not permanent in character, being only presumably permanent on account of its existence for the required length of time, indemnity dates from filing of proof." In support of this construction of the policies, he cites to us Mutual Life Ins. Co. v. Wheatley, 243 Ky. 69, 47 S. W. (2d) 961; Standiford v. American Ins. Co., 208 Ky. 731, 271 S. W. 1042; Kenton Ins. Co. v. Downs, 90 Ky. 236, 13 S. W. 882, 12 Ky. Law Rep. 115; Phenix Ins. Co. v. Coomes, 20 S. W. 900, 14 Ky. Law Rep. 603; German Ins. Co. v. Brown, 29 S. W. 313, 16 Ky. Law Rep. 601; Ætna Life Ins. Co. v. Bethel, 140 Ky. 609, 131 S. W. 523; New York Life Ins. Co. v. Gunn, 253 Ky. 596, 69 S. W. (2d) 1018, and many foreign cases. The Mutual Life insists that "the requirement that such proof be furnished before he attained that age [sixty] was a condition precedent to the creation of [1] of a coverage for his alleged disability or [2] of any liability for disability benefits"; his "inexcusable delay [1] of more than six years after the commencement of his alleged disability and [2] almost two years after he attained the age of sixty years, in furnishing proof of disability was unreasonable as a matter of law"; that "Smith was not totally disabled at any time"; he "did not, 'before attaining the age of sixty years,'" furnish proof that he had become totally and permanently disabled. In support of its insistence, it cites to us "thirty-one decisions, in the federal courts and in sixteen states." Typical of them are: Epstein v. Mutual Life Ins. Co. of N. Y., 143 Misc. 587, 257 N. Y. S. 772, 773; Berry v. Lamar Life Ins. Co., 165 Miss. 405, 142 So. 445, 145 So. 887; Peters v. Mutual Life Ins. Co. of New York (D. C.) 4 F. Supp. 928; Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 231, 76 L. Ed. 416.

In the Epstein Case, the complaint of the insured sought to recover disability benefits alleged to be due under three policies of the Mutual Life (the company here involved). The facts set forth in the complaint are not stated in the opinion of the court. "The complaint prays for a judgment decreeing the policies be adjudged in full force and effect during the lifetime of the plaintiff, without payment of any further premiums, and for a judgment in the sum of $5,683.64 for premiums paid during the alleged disability of the plaintiff." The court held the complaint did not state facts sufficient to constitute a cause of action. Whether Ep-

stein's policy was in full force and effect or had lapsed because of failure to pay premiums or whether he had furnished proof of disability does not appear in the opinion.

In the Peters Case, the sufficiency of plaintiff's statement of cause of action was the sole question determined. The court said:

> "In this respect plaintiff's statement is insufficient and the defendant's affidavit of defense raising questions of law must be sustained."

Whether Peters' policy was in full force and effect or had lapsed or he had furnished proof of disability to the Mutual Life does not appear in the opinion.

In the Berry Case, the rule is stated that where the policy makes the furnishing of proof of total and permanent disability a condition precedent to a waiver of premium there is no accrual of benefits and no waiver of premiums where such proof was not furnished while the policy was in force.

In the Bergholm Case the insured died on April 8, 1929. Judgment in the trial court was for disability benefits from December 1, 1927, to April 1, 1929. The last premium paid was due May 27, 1927. "The policy provided that if the insured, while the policy is in force and before default in payment of premiums, 'shall become totally and permanently disabled * * * and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due,' and that 'upon the receipt of due proof of total and permanent disabilities * * * the Company will waive the payment of all premiums thereafter becoming due.'" The court, disposing of the question, said:

> "Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof. * * *
>
> "And to discharge the insured from the legal consequences of a failure to comply with an explicitly stipulated requirement of the policy, constituting a condition precedent to the granting of such relief by the insurer, would be to vary the

plain terms of a contract in utter disregard of long-settled principles.''

To the same effect see: Western & Southern Life Ins. Co. v. Smith, 41 Ohio App. 197, 180 N. E. 749; Walters v. Jefferson Standard Life Ins. Co., 159 Tenn. 541, 20 S. W. (2d) 1038; Hipp v. Fidelity Mutual Life Ins. Co., 128 Ga. 491, 57 S. E. 892, 12 L. R. A. (N. S.) 319; New England Mutual Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A. L. R. 1075; Northwestern Mutual Life Ins. Co. v. Dean, 43 Ga. App. 67, 157 S. E. 878; Dean v. Northwestern Mutual Life Ins. Co., 175 Ga. 321, 165 S. W. 235; Goldman v. New York Life Ins. Co., 115 N. J. Eq. 535, 171 A. 541; Dovel v. National Life Ins. Co. (Ala. Sup.) 157 So. 882; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; New York Life Ins. Co. v. Quinn (Miss.) 157 So. 902; Himelbloom v. Metropolitan Life Ins. Co. (Neb.) 257 N. W. 525.

The provision of the policies affording Smith a right to a waiver of premiums is not here involved; therefore, the cases supra and many others cited by the parties in which the waiver of the premium clause was involved are inapplicable, since it is admitted Smith promptly paid his annual premiums during the whole of his disability and until proof thereof was furnished the Mutual Life. His policies were continuously in full force and effect within the meaning of these terms as they are used therein. They exacted of him proof of total disability while the policy was in force, including a compliance with the provisions controlling his right to a waiver of premiums. There is no language in the policies providing for a forfeiture or otherwise releasing the insurer from its liability for disability benefits thereunder, so long as they were in full force and effect. In capital letters the policies declare: ''Benefits in the Event of Total and Permanent Disability Before Age Sixty.'' It is in effect the contention of the Mutual Life that this pronouncement as it is contained in the policy, when the language following it is correctly interpreted in connection therewith, means ''benefits in the event [proof] of total and permanent disability [is furnished] before age sixty.'' If the words in parentheses are inserted as above in this sentence, then the same is clearly susceptible of the construction as contended for by the Mutual Life.

It chose its own words and constructed the sen-

tences as they appear in the policy. Persons with usual and ordinary understanding would construe the sentence, "Benefits in the Event of Total and Permanent Disability Before Age Sixty," to mean that if the insured paid his premium, kept the policy in force, became totally and permanently disabled before age sixty, and thereafter furnished the company satisfactory proof of disability, the Mutual Life is obligated by the entire language of the disability provisions to pay thereunder the insured one-tenth of the face amount of the policy, commencing one year after the anniversary of the date of the issue of the policies next succeeding the receipt of the Mutual Life of due proof of disability, and a like sum on each such anniversary thereafter if the insured be then living and such disability being then continued. It is a familiar rule that when interpreting and construing contracts, the court may not add to, or strike therefrom, any language so in effect to constitute a new condition. Fidelity & Cas. Co. of N. Y. v. Bynum, 221 Ky. 450, 298 S. W. 1080. This rule is based upon the right of parties to insert in their contract any provision they desire or agree upon and that the court cannot make a contract for the parties under the guise of interpretation or construction by inserting words or phrases not contained in it, or by excluding words or phrases contained in it, but must define the liability of the contractor and determine the right of the contractee, thereunder, according to its words, terms, and conditions as made by the parties themselves. These rules apply to insurance contracts the same as they do to a contract about any other subject. Phœnix Ins. Co. v. Stephenson, 78 Ky. 150; Haselden v. Home Ins. Co. of N. Y., 247 Ky. 530, 57 S. W. (2d) 459; Jefferson Standard Life Ins. Co. v. Hurt, 254 Ky. 603, 72 S. W. (2d) 20; Commonwealth Life Ins. Co. v. Gault's Adm'rs, 256 Ky. 625, 76 S. W. (2d) 618. It is the duty of the courts to take the words of an insurance policy as they are found in it, and as persons with usual and ordinary understanding would construe them when used to express the purpose for which they were employed, giving the insured the benefit of all doubt as to their meaning. Jefferson Standard Ins. Co. v. Hurt, supra; Commonwealth Life Ins. Co. v. Gault's Adm'rs, supra.

With these generally accepted rules in mind, a reading of the policies convinces us that Smith's fur-

nishing the proof of disability to the Mutual Life was not a condition precedent ''to the creation of a coverage for his disability or of any liability for disability benefits,'' but was a condition precedent only to his right to enforce the payment of the disability benefits.

In Smith v. Mutual Life Ins. Co. of New York, 188 Ark. 1111, 69 S. W. (2d) 874, 875, the policy therein and the facts involved are identical with those in the present case. The trial court sustained a motion for a new trial upon the theory the policy by its plain language provided that the proof of disability must be made before the plaintiff has reached the age of sixty. There was no proof in the record that the plaintiff's proof of disability was made prior to the reaching sixty years. The court said:

"Under the plain terms of the policy the court is of the opinion that there is no liability in the case. For this reason, the motion for a new trial is granted."

In disposing of the same question on an appeal, the Supreme Court used this language:

"We think the language here employed is plain and definite to the effect that if the insured suffers total and permanent disability prior to his sixtieth birthday and at the time has paid all premiums due, liability then and there attaches and recovery is postponed until notice or proof of loss is submitted.

* * * It is self-evident that the paramount consideration the parties had in mind at the execution of this contract was insurance against total and permanent disability. Any construction which nullifies this paramount consideration should be avoided, if possible. All courts agree that it is a fundamental rule of construction that insurance contracts when ambiguous should be construed most strongly against the insurer."

To sustain its conclusion, the court cites: Mutual Life Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Stipcich v. Ins. Co, 277 U. S. 311, 48 S. Ct. 512, 72 L. Ed. 895. To the same effect, see New York Life Ins. Co. v. Farrell, 187 Ark. 984, 63 S. W. (2d) 520; Ætna Life Ins. Co. v. Davis, 187 Ark. 398, 60 S. W. (2d) 912; Sovereign Camp W.

O. W. v. Meek, 185 Ark. 419, 47 S. W. (2d) 567; Ætna Life Ins. Co. v. Phifer, 160 Ark. 98, 254 S. W. 335.

In Orr v. Mutual Life Ins. Co. (D. C.) 57 F. (2d) 901, 904, the insured became totally and permanently disabled from disease on April 27, 1925. About September, 1931, he furnished the insurer the proof of total and permanent disability required by it, which it accepted and approved as satisfactory. Thereafter, the Mutual Life paid the insured $1,300 for income benefits of $100 per month from December 4, 1930, to December 4, 1931, and refused to pay benefits for the period from April 27, 1925, to December 4, 1931. The insured brought an action to recover of it income benefits for this period and the premiums paid during the same period. The court disapproved the principles stated in Minn. Mut. Life Ins. Co. v. Marshall (C. C. A.) 29 F. (2d) 977, 978, wherein were involved the rights of the insured under the provisions for waiver of premiums. After stating the Mutual Life's answer admitted the insured was totally and permanently disabled on April 27, 1925, the court said:

"If he [the insured] had then furnished proof he would have been entitled to monthly income payments from the date thereof. He did not then furnish proof."

It should be observed that in the Orr Case, the company, by paying the income benefits after the proof of total and permanent disability was furnished by the insured, thereby interpreted its own policy as we here construe it, and as it was construed in the Orr and in the Smith Cases. The Orr Case was approved in Franklin Ins. Co. v. Fisher, 164 Okl. 193, 23 P. (2d) 151, 154. In the Fisher Case the insured was disabled within the meaning of the terms of the policy from February, 1925, to April, 1929. In February, 1929, he furnished the insurance company proof of disability and requested payment of the disability benefits from 1925 to 1929; and also sought to recover the premiums paid on the policy during that period. The court, after reviewing Bergholm v. Peoria Life Ins. Co., which cites Brams v. New York Life Ins. Co., 299 Pa. 11, 148 A. 855; Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Stipcich v. Metropolitan Life Ins. Co., 277 U. S. 311, 48 S. Ct. 512, 72 L. Ed. 895, said:

"After applying the law of the cases just cited to the terms and conditions of the insurance policy under consideration, we conclude: That the furnishing of proof of disability by the policyholder to the insurance company was necessary before the payments under the policy began to accrue. * * *

"We observe that under the terms and conditions of the policy, it became necessary for the policyholder to furnish due proof to the company at its home office touching on certain questions as designated by said policy, and upon approval of such proof, * * * the company will make the monthly payments as directed by the terms of the policy. * * *

"The provision of the policy providing for the payment of monthly income provides that the first payment of income shall become due on the first day of the calendar month following receipt of due proof of total and permanent disability as defined in the policy. * * * A careful analysis of the contract convinces us that the first act necessary for plaintiff to perform in order to start the payments to accruing was the furnishing of proof to the company. Upon receipt of said proof by the company, the payments began to accrue. Until the company received proof, so as to give them notice of the claim of plaintiff, the payments did not begin to accrue. Plaintiff was entitled to recover from and after the date of giving defendant proof of disability, and not for the period of time before any proof was given defendant. * * *

"We think the language of this portion of the insurance contract is sufficiently plain so as to show that the policyholder could not recover any premiums paid before the date of furnishing proof of disability to the insurance company. It was necessary that he furnish proof of disability to the insurance company before said clause of the policy was placed in operation. And until said proof was furnished all payments of premiums due under said insurance policy must be paid in accordance with the terms of said policy."

The policy in the Fisher Case is in substantially the language of that in the present one. In Kimel v.

Missouri State Life Ins. Co. (C. C. A.) 71 F. (2d) 921, 924, the insured became totally and permanently disabled, within the meaning of the policy, in 1925 when he was fifty-eight years old. In 1931, when he had attained the age of sixty-four, he made proof of such total and permanent disability, and on August 13, 1931, the insurance company approved such proof. It will be observed Kimel was over sixty-four years old when he furnished the proof of disability. The company allowed the annual premiums that became due July 21, 1931, to be charged as a lien against the policy. It refused to settle with him and he brought his action to recover the disability benefits from September, 1925, to January 18, 1932, the date of the filing of his petition, and also to recover the disability benefits on a life expectancy of eleven years and seven months, from the date of the filing of the petition and the premiums paid from 1925 to 1930. The court sustained a demurrer to so much of the petition as sought to recover the paid premiums. The court said:

"Since Kimel became totally and permanently disabled before attaining the age of sixty, we conclude that the Insurance Company was liable to him for monthly payments * * * after the proof had been received, and continuing so long as he lived and suffered such disability. * * *

"The phrase [in the policy], 'before attaining the age of sixty,' relates to the time of suffering the disability, not to the approval of the proofs thereof. Here again the proof is required only to fix the time when the Company shall first commence making the payments. We conclude therefore that the Insurance Company was obligated to make all premium payments falling due after the proofs of disability had been approved."

The conclusions of the court in the Smith, the Orr, the Fisher, and the Kimel Cases are applicable and controlling in the present one, and to this extent we adopt them. They are in accord with the principles stated in Horn's Adm'r v. Prudential Life Ins. Co., 252 Ky. 137, 65 S. W. (2d) 1017, 1018. In the latter case, while the policy was in full force and effect, the insured became totally and permanently disabled within the meaning of the policy. The policy provided: "The first installment [disability benefits] to be payable im-

mediately upon receipt by the company of due proof of such disability or incapacity,'' in accordance with the provisions of said policy. In it, as here, the clause of the policy waiving payment of the premiums was not involved. We said:

> "It is provided that the first installment of indemnity will be 'payable immediately upon receipt by the company of due proof of such disability or incapacity.' Time for proof was not of the essence of the contract.''

The Mutual Life complains of our construction of the provisions of the policies, and the application to the facts of the principles stated in Southern Life Ins. Co. v. Hazard, 148 Ky. 465, 146 S. W. 1107; Metropolitan Life Ins. Co. v. Carroll, 209 Ky. 522, 273 S. W. 54; Fidelity-Mutual Life Ins. Co. v. Gardiner's Adm'r, 233 Ky 88, 25 S. W. (2d) 69.

It is a matter of general knowledge that the policies of insurance companies seldom, if ever, contain the identical terms or conditions, or employ the same words, phrases, or clauses. Therefore, every company's policy must be construed as it is written and applied to the developed facts in the particular case.

The language of the policies in the Hazard, the Gardiner, the Carroll, and the Horn Cases is not identical with that in the present one, nor are the facts the same. For these reasons alone, we would be justified in distinguishing them from those under review. However, we do not desire to be understood as disregarding or overlooking the principles stated in those cases; but we do consider them only in so far as they are applicable, helpful, and instructive in giving to the policies herein a correct and intelligent construction.

The Mutual Life cites to us as controlling Western & Southern Life Ins. Co. v. Robertson, 255 Ky. 13, 72 S. W. (2d) 718, New York Life Ins. Co. v. Gunn, 253 Ky. 596, 69 S. W. (2d) 1018, and Pacific Mutual Life Ins. Co. v. Paynter, 255 Ky. 669, 75 S. W. (2d) 335. Neither of them deals with the right of an insured who had paid promptly his premiums, and thus kept his policy in full force and effect before furnishing proof of disability, nor was this question considered or determined in either of them.

The argument that Smith's delay of more than six

years after the commencement of his disability and about two years after attaining the age of sixty, in furnishing proof of disability, was unreasonable as a matter of law, is neither authorized by any provision of the policies, nor by a reasonable construction thereof. They contain no requirement respecting the time of furnishing proof of disability.

Neither of the words, "immediately," "forthwith," "forfeiture," nor the phrase "condition precedent" is contained in them.

The only language connoting a "condition precedent" is this sentence, "Benefits in the Event of Total and Permanent Disability Before Age Sixty," which is only susceptible of the construction that the disability must occur before age sixty. The next sentence, "When such benefits (benefit in the event of such disability before age sixty) take effect," when read in connection with the language following it, to the average mind naturally and inevitably, refers to the time of the commencement of the payment of "the benefits" and not the time of the creation or commencement of the coverage of the insured's disability benefits, thereunder.

We have often ruled that where a policy requires the giving of notice or the furnishing proof, "immediately" or "forthwith," these terms mean within a reasonable time, and that the failure to give notice or furnish proof within a reasonable time is fatal, unless notice or proof is waived. Fall City Plumbing Supply Co. v. Potomac Ins. Co., 193 Ky. 734, 237 S. W. 376; Phenix Ins. Co. of Brooklyn v. Coomes, 20 S. W. 900, 14 Ky. Law Rep. 603. Also, where the policy provides proof shall be made within a given time, there can be no recovery unless the proof is made within the time specified. Kenton Ins. Co. v. Downs, 11 Ky. Law Rep. 52. If the policy provides that the proof shall be made within a definite time and stipulates, no action shall be maintained until all of its conditions have been complied with by the assured, the failure to make proof within the specified period will not forfeit the policy, but only postpone the right of action until furnished. Kenton Ins. Co. v. Downs, supra; Dwelling-House Ins. Co. v. Freeman, 12 Ky. Law Rep. 894; National Union Fire Ins. Co. v. Hall, 233 Ky. 337, 25 S. W. (2d) 738. If giving notice or furnishing proof is made a condition precedent to liability on the part of the insurer or if forfeiture is provided for if they are not given, then

notice or proof must be given in accordance with the terms of the policy contract. Staples v. Continental Ins. Co., 223 Ky. 842, 5 S. W. (2d) 265; Federal Life Ins. Co. v. Holmes' Committee, 232 Ky. 834, 24 S. W. (2d) 906. In the case of Metropolitan Life Ins. Co. v. People's Trust Co., 177 Ind. 578, 98 N. E. 513, 41 L. R. A. (N. S.) 285, the court held that a delay of two years and two months in furnishing notice and proof of loss was not unreasonable in the circumstances established by the evidence. In the present case, it is very clear that Smith, after the occurring of his total and permanent disability, would not have continued to pay the premiums and omitted to demand of the Mutual Life the payment of the disability benefits except ignorance of the provisions of the policy entitling him thereto. The facts herein bring his rights within the rule stated in Metropolitan Life Ins. Co. v. People's Trust Co., supra.

The contention that Smith's delay in furnishing proof of disability forfeited his right to disability benefits is inconsistent with the company's admission that the policies are in full force and effect. Aside from this, the Smith, the Orr, the Fisher, and the Kimel Cases are also conclusive of this question.

The Mutual Life complains of the court's definition of the term "total disability." Its criticism thereof is without merit. See Prudential Ins. Co. of America v. Harris, 254 Ky. 23, 70 S. W. (2d) 949. It argues that Smith was not totally disabled at any time. This contention overlooks the evidence which is practically undisputed. See National Life & Accident Ins. Co. v. Bradley, 245 Ky. 311, 53 S. W. (2d) 701.

It is admitted that Smith's disability commenced in 1926 and that he paid the annual premiums as they became due until August 29, 1932, at which time the proof of disability was received by the Mutual Life. The case of Pacific Mut. Life Ins. Co. of California v. Paynter, 255 Ky. 669, 75 S. W. (2d) 335, decides the question of his right to recover such premiums adversely to Smith. Sustaining the Paynter Case, see Courson v. New York Life Ins. Co., 295 Pa. 518, 145 A. 530; Yohalem v. Columbia National Life Ins. Co. 136 Misc. 748, 240 N. Y. S. 666; Franklin Life Ins. Co. v. Fisher, 164 Okl. 193, 23 P. (2d) 151; Epstein v. Mutual Life Ins. Co., 143 Misc. 587, 257 N. Y. S. 772; Kimel v. Missouri State Life Ins. Co., supra.

724

It is apparent that it is our conclusion Smith was only entitled to recover disability benefits accruing one year after the anniversary of the date of issue of the policies next after the furnishing the proof of disability, and thereafter as provided in the policies and that he was not entitled to recover either disability benefits or premiums paid, before the proof of disability was furished to, and received by, the company.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.