# Aetna Life Insurance Co. of Hartford, Conn., v. Castle.

(Decided June 4, 1935.)

ALLEN & TACKETT for appellant.

J. L. HARRINGTON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal requires the review of a trial involving the right of Corbit Castle to recover on a group policy, issued and delivered by the Ætna Life Insurance Company to the North East Coal Company.

The North East Coal Company, on September 17, 1923, was extensively engaged in mining coal, when the Ætna Life Insurance Company issued the group policy, insuring the life and health of the former's employees. It was renewed every year until canceled in 1932. It contains these provisions:

"Insurance for employees in service on the policy date shall be effective immediately, and for employees entering service subsequently, insurance shall be effective when they complete six months of continuous service." "The employer shall furnish the company with the names of all employees as they become eligible for insurance hereunder, with their attained ages and data necessary to determine the amount of insurance. The insurance upon the life of any such employee, however, shall not be invalidated by reason of any clerical error on the part of the employer in failing to report the name of such employee to the company." "If total disability of any employee entitled to insurance under the schedule of insurance contained in this policy begin before age sixty, and if due proof be furnished the company after such disability has existed for a period of six months, and if such disability presumably will during lifetime prevent such

employee from pursuing any occupation for wages or profit, such employee shall be deemed to be totally and permanently disabled within the meaning of this policy; * * * and if proof of such loss be furnished to the company before such employee attains the age of sixty years, such employee shall be deemed to be totally and permanently disabled within the meaning of this policy.''

The North East Coal Company paid the premiums for its employees during the continuance of the policy.

Castle began to work for the North East Coal Company the last of 1916 or the first of 1917. In 1923 he sustained an injury which is not here involved. After he recovered from it, he returned to work some time in 1926, and continued to labor for it until May 9, 1929. In 1926 he worked at mine No. 1; then was transferred to mine No. 3. When not engaged in the mine, the superintendent, in 1927, assigned him to the task of making ''a few posts,'' or to a ''slab job.'' His work was continuous during the year 1928, and also in 1929, when the mine was ''running.'' He did not ''at any time quit the mine and leave the employment of the North East Coal Company''; he was merely ''off of the job of mining'' while he was ''making timbers for the mine.''

The North East Coal Company failed to report the name of Castle to the Ætna Life Insurance Company. Consequently neither of their records shows he was an employee within the coverage of the policy, although he was entitled thereto as per its terms and according to the period and character of the services performed by him as an employee of the former. The clerk of the North East Coal Company, when asked if the premiums on the policy for the insurance of Castle had been paid, stated they had not been paid, ''unless they were paid after Castle presented this claim.''

To substantiate his claim, Castle testified that, while working for the North East Coal Company from the last of the year 1928 up to May, 1929, he was sick, felt fainty, ready to fall over at any time, nervous, short of breath, could not sleep at nights, had trouble with his heart, and that on account of his health, on May 9, 1929, he ceased to work; that his health since that time had gotten ''worse all the time.''

Drs. Castle, Pickelsimer, and Wells deposed that in

February, March, April, or May, 1929, Corbit Castle came to their hospital. They examined him carefully, and "found the big trouble with him was his heart"— he had "a very bad heart"—"leakage" and "murmur of all three valves." They agreed in the opinion that at that time he was totally and permanently disabled. Again they examined him and found that he was totally and permanently disabled. He was, at the time of the trial, totally and permanently disabled.

The Ætna Life Insurance Company offered no contrary evidence. At the conclusion of Castle's evidence, it requested a peremptory instruction, which was refused. Under the given instructions the jury returned a verdict for Castle.

Castle presented to the Ætna Life Insurance Company no proof of his disability until about March 9, 1933.

The peremptory instruction was offered manifestly on the theory that Castle was not covered by the policy. It expressly provides that it shall "not be invalidated" as to any employee entitled to insurance thereunder "by reason of any clerical error on the part of the employer in failing to report the name of such employee to the company." Therefore we are not impressed with the argument that he was not protected by its provisions, although his name was not reported by the North East Coal Company nor received by the Ætna Life Insurance Company.

At the time of its issuance he was an employee of the former and entitled to the benefits of the policy. His continuous labor for the North East Coal Company after its issuance entitled him to its benefits. His disability originated while in the employment of the North East Coal Company during the period of the continuance of the policy. The sums to which he was entitled by its terms are not disputed; neither is the period of time he was in its employment; nor is the character of services performed. The testimony of the clerk of the North East Coal Company indicates that the premiums due thereunder to the Ætna Life Insurance Company were paid by the North East Coal Company "after this claim came up."

The evidence establishing Castle's right to recover, clearly, was a question for the jury. Distad v. Ætna Cas. & Surety Co., 252 Ky. 326, 67 S. W. (2d) 24.

The policy contains this provision:

"It is a condition of this policy that the company shall be permitted to examine any disabled employee insured hereunder at any time before such employee is admitted by the company to be totally and permanently disabled."

Neither this clause nor any of its provisions fixed a limit of time as to when or within which notice or proof of disability must be furnished by the disabled employee to the insurance company.

We recently treated this topic in Ætna Life Ins. Co. of Hartford, Conn., v. Wells, 254 Ky. 650, 72 S. W. (2d) 33, Mutual Life Ins. Co. of N. Y. v. Smith, 257 Ky. 709, 79 S. W. (2d) 28, and in Brotherhood of R. R. Trainmen v. Woods, 256 Ky. 613, 76 S. W. (2d) 911. Without reiterating the applicable rule and the reasons therefor, it is sufficient to say the argument here presented respecting the failure of Castle to give notice or furnish proof of his disability is answered in those cases adversely to the Ætna Life Insurance Company.

Our resume of the evidence discloses that Castle is entitled to the benefits of the policy; he was totally and permanently disabled during the period of his employment within the meaning of the terms of the policy; and is yet totally and permanently disabled. Our ruling in the cases, supra, deprives the Ætna Life Insurance Company of its right to complain of his delay in giving notice and furnishing proof of his disability.

The judgment is affirmed.