**CITY OF LOUISVILLE, Appellant,**

v.

**Mary C. McDONALD and Karol Mc-Donald On behalf of themselves and all others similarly situated, to include: Rena Beasley, Clovene, Carrie Jean Lotze, James Quisenberry, Sheila Thurman, Doris Tinsley, Shelley Welch and Gloria Williams, Appellees.**

No. 90–CA–002356–MR.

Court of Appeals of Kentucky.

Nov. 22, 1991.

Winston E. King, John Michael Brown, Louisville, for appellant.

Harry L. Hargadon, Jr., Hargadon, Lenihan, Harbolt, Breen & Herrington, Louisville, for appellees.

Before CLAYTON, DYCHE and STUMBO, JJ.

CLAYTON, Judge:

This appeal arises from a declaratory judgment action filed by appellees to construe the Coordination of Benefits clause and the Subrogation clause of the City of Louisville's Health Benefits Plan. The claim was certified as a class action. The Jefferson Circuit Court entered judgment declaring that neither clause allowed the City to avoid payment under the Plan. After appropriate money judgments were entered on the various claims, the City appealed. After reviewing the record and the law, we must affirm.

The record established that the appellees were all employees or family members of employees of the City. The Plan was available to them as full time employees without charge, or to part time employees and family members for a fee.

The appellees were all involved in automobile accidents, which were unrelated to their work for the City. As a result of the accidents, appellees sustained injuries for which they incurred medical expenses. The expenses were paid by their no-fault insurance carriers. The claims, which at this stage appear to number ten (10), range in size from $263.27 to $11,211.60, and total $50,436.58.

The City, through its administrator of the plan EBM, denied appellees' claims. In support of their decision, they cite two (2) provisions of the plan. The first is contained in Article XI, Coordination of Benefits, of the Plan. It provides as follows:

> 11.0 Benefits as specified by this Plan shall be paid contingent upon the absence of entitlement to any medical, dental care, or major medical benefits or services from another source except any individual insurance policy.

The second is contained in Article XIV, Subrogation, of the Plan. It provides, as follows:

> 14.0 In the event benefits are paid by the Employer for charges incurred by a covered employee or a covered individual as a result of accidental bodily injury or illness, and if the covered employee or covered individual makes a recovery (whether by settlement, judgment—under any "no-fault" automobile insurance statute—or otherwise) from any person or organization responsible for causing such injury or disease, then the Employer shall have a lien upon any recovery and the covered employee or covered individual shall reimburse the Employer to the extent of such benefit paid by it, provided that in no event shall the covered employee or covered individual be required to make reimbursement in an amount exceeding the recovery made by the covered employee or covered individual against the person or organization responsible for causing the injury or disease resulting in benefits paid by the Employer.

The trial court held that coordination of benefits as the City desired was prohibited by *Blue Cross & Blue Shield of Kentucky, Inc., v. Baxter*, Ky.App., 713 S.W.2d 478 (1986). It further held that appellees' no-fault carriers were not responsible parties as used in the subrogation clause of the Plan. It, therefore, ordered the City to pay.

While we agree with the trial court's result, we do not need to look beyond the Plan to affirm it. Notably, the relationship between an insurer, such as the City, and an insured, such as appellees, is purely contractual, and both parties' rights are determined by the contract. *Jefferson Standard Life Insurance Co. v. Hurt*, 254 Ky. 603, 72 S.W.2d 20, 22 (1934). Moreover, as contracts, the terms used therein should be given their ordinary meaning as persons with the ordinary and usual understanding would construe them. *Mutual Life Ins. Co. of New York v. Smith*, 257 Ky. 709, 79 S.W.2d 28, 31–32 (1935); *see also National Insurance Un-*

*derwriters v. Lexington Flying Club, Inc.,* Ky.App., 603 S.W.2d 490, 493 (1979). We further note that insurers draft their own policies, and must be held strictly accountable for their terms. *Wolford v. Wolford,* Ky., 662 S.W.2d 835, 838 (1984).

■ With the above in mind, we will initially consider the *coordination of benefits* clause. The meat of the clause is that payment by the plan is contingent upon the absence of other medical, dental care, or major medical insurance from another source, *except any individual insurance policy* (emphasis supplied). Clearly, the appellees' no-fault policies on their private cars are other individual insurance policies. They are, therefore, excepted by the terms of the Plan from the coordination exclusion (*i.e.,* they do not allow the City to avoid payment). Moreover, even if we were not convinced by the individual policy exception, we do not find that the phrase "any medical, dental care, or other major medical benefits or services" refers to no-fault. Rather, by its terms, it refers to "other" health insurance schemes. Our conclusion is buttressed by the failure to specifically mention no-fault in the coordination of benefits section, when it is mentioned elsewhere in the Plan, since the specific reference to no-fault in the subrogation section of a contract indicates that its omission in the coordination section was intentional. Thus, we conclude the language of the coordination of benefits clause establishes that the City cannot avoid payment of appellees' claims.

■ We next analyze the subrogation section of the Plan. The gist of the clause is that if an insured is paid benefits by the City as a result of accidental injury, and the insured makes any recovery, specifically including no-fault insurance, from any person responsible for *causing the injury,* then the City is subrogated thereto (emphasis supplied). The key here is the phrase "causing such injury." It is obvious that the party causing appellees' respective injuries is not their respective no-fault carriers. Thus, since the evidence establishes only that payment was made to appellees by their no-fault insurers, and that no other recovery has been made, we must conclude the City has no subrogation rights by the terms of the Plan. We do note that the City points out that appellees themselves have no claim against the parties causing their injuries (*i.e.,* their respective tort feasors), and we agree, as far as it goes. We point out, however, the difficulty observed, to the extent there is one, lies exclusively with the wording of the Plan. As a result, we do not think any different result is compelled.

Since we decided this appeal based exclusively upon the express terms of the Plan, we do not need to reach any of the other issues raised.

We, therefore, affirm the judgment of the Jefferson Circuit Court.

All concur.