**SUNNY RIDGE ENTERPRISES, INC., Plaintiff,**

v.

**FIREMAN'S FUND INSURANCE CO., INC., Defendant.**

**Civil Action No. 00–328.**

United States District Court, E.D. Kentucky.

Feb. 19, 2001.

Max D. Picklesimer, Picklesimer, Pohl & Kiser, Lexington, KY, for plaintiff.

Elizabeth S. Feamster, Fowler, Measle & Bell, L.L.P., Lexington, KY, Jon E. Elenius, Caron, Constants & Wilson, Chicago, IL, Robin K. Johnson, Caron, Constants & Wilson, Dallas, TX, for defendant.

### MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

The plaintiff, Sunny Ridge Enterprises, Inc., [Sunny Ridge] has filed a motion for partial summary judgment. [Record No. 10]. The defendant has responded to said motion [Record No. 17]. The defendant, Fireman's Fund Insurance Co., [Fireman's

Fund] has also filed a motion for summary judgment [Record No. 17]. The plaintiff has filed a response [Record No. 18], to which the defendant has replied [Record No. 19]. Since these motions have been fully briefed by the parties and the record duly considered by the Court, this matter is now ripe for decision.

## STANDARD OF REVIEW

In determining whether to grant a motion for summary judgment, the Court must view the facts presented in a light most favorable to the non-moving party. *See Kocsis v. Multi–Care Management, Inc.,* 97 F.3d 876, 882 (6th Cir.1996). If the Court finds that there is no genuine issue of material fact, summary judgment may be granted. *See Street v. J.C. Bradford,* 886 F.2d 1472, 1479 (6th Cir.1989). The Sixth Circuit has held that "a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion." *Street,* 886 F.2d at 1478.

## FACTUAL BACKGROUND

A coal preparation plant located on Sunny Ridge's premises, was dismantled and sold as scrap metal. The metal was delivered to Kentucky Electric Steel, Inc., [Kentucky Electric] and melted. A monitoring gauge containing Cesium–137, a radionuclide, was destroyed during the melting process, contaminating Kentucky Electric's property.

During the period in question, Sunny Ridge was covered by an umbrella insurance policy from Fireman's Fund that would cover Sunny Ridge's operations if no other insurance policy was in effect. Sunny Ridge's primary insurance carrier utilized a provision that exempted the current factual situation from coverage, thus leaving Sunny Ridge without insurance coverage. Therefore, Fireman's Fund's umbrella coverage policy is activated.

Fireman's Fund argues that the policy in question does not cover the situation at bar. The policy contains an exception for any liability arising "out of the actual, alleged or threatened existence, discharge, dispersal, seepage, migration, release or escape of pollutants." Policy Exclusion No. 6. The policy clearly indicates that "it is the intent and effect of this exclusion to exclude any or all coverages afforded by this policy for any claim...arising out of the existence...or escape of pollutants....it applies wherever or however such occurs." Policy Exclusion No. 6.

## DISCUSSION

Kentucky law is clear that words in a contract are to be given their "ordinary meaning as persons with the ordinary and usual understanding would construe them." *Transport Ins. Co. v. Ford,* 886 S.W.2d 901, 904 (Ky.App.1994)(quoting *City of Louisville v. McDonald,* Ky.App., 819 S.W.2d 319, 320 (1991)). Therefore, "where the terms of an insurance policy are clear and unambiguous, the policy should be enforced as written." *Meyers v. Kentucky Medical Ins. Co.,* 982 S.W.2d 203, 210 (Ky.App.1997) (quoting *Masler v. State Farm Auto. Ins. Co.,* Ky., 894 S.W.2d 633 (1995)). The Kentucky Court of Appeals has gone so far as to note that, "[i]t is axiomatic that 'the terms of an insurance contract must control unless [they] contraven[e] public policy or a statute.'" *Id.* at 209–210 (quoting *Cheek v. Commonwealth Life Ins. Co.,* 277 Ky. 677, 126 S.W.2d 1084, 1089 (1939)). "[C]ourts cannot make a new contract for the parties under the guise of interpretation or construction but must determine the rights of the parties according to the terms agreed upon by them." *Id.* at 210.

In the case at bar, the policy specifically outlines its intent to "exclude any or all coverages" relating to the release of pollutants. Sunny Ridge argues that this presents an ambiguity based upon the policy's exclusion number 5, which prevents liability for "nuclear energy." However, a cur-

sory reading of exclusion number 5 clearly indicates that said exclusion applies only to those who own nuclear facilities. In fact, the definition of "waste" encompasses those by-products produced by the "extraction or concentration of uranium or thorium." Policy Exclusion No. 5. The Sunny Ridge facility was engaged in the preparation of coal, not nuclear energy. Clearly, the policy exclusion for nuclear energy did not apply to Sunny Ridge. Therefore, the pollution exemption's broad language is not rendered ambiguous within the context of the complete policy. This interpretation is supported by Kentucky case law,

> "The rule of strict construction against an insurance company certainly does not mean that every doubt must be resolved against it and does not interfere with the rule that the policy must receive a reasonable interpretation consistent with the parties' object and intent or narrowly expressed in the plain meaning and/or language of the contract. Neither should a nonexistent ambiguity be utilized to resolve a policy against the company. We consider that courts should not rewrite an insurance contract to enlarge the risk to the insurer."

*St. Paul Fire & Marine Ins. Co. v. Powell–Walton–Milward, Inc.,* 20 F.3d 690, 693 (6th Cir.1994). See also *Meyers v. Kentucky Medical Ins. Co.,* 982 S.W.2d 203, 208 (Ky.App.1997).

The Court finds the Fifth Circuit's opinion in *Constitution State Insurance Company v. Iso–Tex, Inc.,* 61 F.3d 405 (5th Cir.1995) particularly persuasive. The case involved an identical question of law. A policy holder argued that the defendant insurance company's policy was ambiguous because the policy contained an exemption for nuclear materials and a separate provision for pollutants. In this Texas case, the Court explained that,

> "[The insured] contends that if its biomedical nuclear waste were considered 'pollution,' then there would have been no need for the separate 'Nuclear Energy Liability Exclusion Endorsement (Broad Form)' found in the policy in question. This argument holds no water; the nuclear exclusion only applies to 'nuclear material' at a 'nuclear facility' or to injuries for which the insured is also insured by 'a nuclear energy liability policy issued by the Nuclear Energy Liability Insurance Association.' Stipulated Facts, ¶ 9. This exclusion does not apply to Iso–Tex, whose activities, as found by the district court, do not involve 'nuclear material' of that type, and whose operations do not fall within the definition of a 'nuclear facility.' Further, Iso–Tex's nuclear liability carrier denied coverage under a separate nuclear policy. Accordingly, it is perfectly logical that Constitution State would include both a nuclear liability exclusion for certain nuclear operations that might be covered by separate insurance, and an 'Absolute Pollution Exclusion.' The two clauses exclude separate, but potentially overlapping types of conduct. The existence of a nuclear exclusion does not prove that Iso–Tex's nuclear waste is not pollution."

*Id.* at 407–408.

This reasoning applies equally well to the case at bar in light of Kentucky's previously mentioned rules of statutory construction. This contract contains no ambiguity, and its plain provisions must be applied to the case at bar to exclude all coverage for the unfortunate damage that occurred at Kentucky Electric.

As this motion does not present any new or novel issues relating to the interpretation of Kentucky law, the Court declines to certify this question of law to the Kentucky Supreme Court, as suggested by the plaintiff. Accordingly, in accordance with the foregoing,

**IT IS HEREBY ORDERED:**

(1) That the motion by Fireman's Fund Insurance Company for summary judgment [Record No. 17] be, and the same hereby is, **GRANTED;**

(2) That the motion for partial summary judgment by Sunny Ridge Enterprises, Inc., be, and the same hereby is, **DENIED**;

(3) That this case be, and the same hereby is, **DISMISSED** from the active docket.

### JUDGMENT

In accordance with the Memorandum Opinion and Order of even date and entered contemporaneously herewith,

**IT IS HEREBY ORDERED:**

(1) That this action be, and the same hereby is, **DISMISSED AND STRICKEN FROM THE ACTIVE DOCKET.**

(2) That all pending motions be, and the same hereby are, **DENIED AS MOOT**.

(3) That all scheduled proceedings be, and the same hereby are, **CONTINUED GENERALLY.**

(4) That this Order is **FINAL AND APPEALABLE** and **THERE IS NO JUST CAUSE FOR DELAY**.