**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0510n.06

No. 12-6276

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*May 21, 2013*

DEBORAH S. HUNT, Clerk

SARA ROGERS CRUTCHFIELD, Administratrix )
of the Estate of Jeanne F. Crutchfield, )
                                      )
              Plaintiff-Appellant, )
                                      )
v.                                      )
                                      )
TRANSAMERICA OCCIDENTAL LIFE )
INSURANCE CO., nka Transamerica Life )
Insurance Company, )
                                      )
              Defendant-Appellee. )
                                      )

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
WESTERN DISTRICT OF
KENTUCKY

O P I N I O N

BEFORE: COLE and McKEAGUE, Circuit Judges; and ZOUHARY, District Judge.[*]

**McKEAGUE, Circuit Judge.** Sara Rogers Crutchfield, as administratrix of the estate of

Jeanne Crutchfield, appeals the district court's grant of summary judgment in favor of Transamerica

Occidental Life Insurance Company ("Transamerica"). For the reasons that follow, we affirm the

judgment of the district court.

**I.**

In 1992, Jeanne Crutchfield ("Crutchfield") purchased a long-term care insurance policy from

defendant Transamerica Occidental Life Insurance Company ("Transamerica").[1] The policy provides

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio,
sitting by designation.

[1]Transamerica Life Insurance Company is the successor to Transamerica Occidental Life
Insurance Company.

No. 12-6276
*Crutchfield v. Transamerica Occidental Life Insurance Co.*

coverage for Nursing Home Care, Adult Day Care, and Home Health Care, as defined in the policy.

Only Nursing Home coverage is at issue in this appeal.[2] The policy defines "Nursing Home" in this

way:

> A facility, or that part of one, which: (1) is operating under a license issued by the appropriate licensing agency; (2) is engaged in providing, in addition to room and board accommodations, nursing care and related services on a continuing inpatient basis to 6 or more individuals; (3) provides, on a formal prearranged basis, a Nurse who is on duty or on call at all times; (4) has a planned program of policies and procedures developed with the advice of, and periodically reviewed by, at least one Physician; and (5) maintains a clinical record of each patient. It may be a distinct part of a hospital or other institution.
>
> It is NOT a place that is primarily used for rest; for the care and treatment of mental diseases or disorders, drug addiction, or alcoholism; for day care or for educational care; or a retirement home or community living center.

R. 1-2, Page ID #11. The policy conditions the receipt of Nursing Home Benefits by stating in part:

> To receive Nursing Home Benefits:
>
> * * * *
>
> (3) The care or services must be provided in a Nursing Home.
>
> Prior approval of Nursing Home care is not required. However, care received at a nursing facility which is not in full compliance with the definition of a Nursing Home will still meet the requirements of this Policy, but only if Our Personal Care Advisor pre-certifies that the facility substantially complies.

---

[2]Though the district court's summary judgment decision resolved Crutchfield's Adult Day Care and Home Health Care claims in Transamerica's favor, she has not appealed those determinations.

R. 1-2, Page ID #12-13. Accordingly, there are two paths for an insured to receive Nursing Home Benefits. Either the facility must strictly meet the definition of "Nursing Home," or Transamerica must pre-certify that the facility substantially complies with the definition of "Nursing Home."

In 2009, Crutchfield was diagnosed with Alzheimer's disease, and in April 2009, she became a full-time patient at a facility called Barton House. Barton House specializes in treating Alzheimer's patients and provides an on-duty nurse during the day and on-call nurses at night. Crutchfield concedes, it does not provide round-the-clock nursing services. Appellant Br. at 5.

After moving to Barton House, Crutchfield made a benefits claim to Transamerica in order to recover Nursing Home Benefits under the policy.[3] Transamerica investigated whether Barton House met the policy definition of "Nursing Home," and on June 18, 2009, Transamerica sent Crutchfield a claims determination letter specifically denying the claim on the basis that Barton House did not satisfy the policy's definition of a Nursing Home. R. 42-2, Claim Letter, Page ID #351-53. Crutchfield alleges that she appealed the adverse determination through the policy's appeal process, and that her appeal was also denied.[4]

---

[3]Neither party submitted Crutchfield's initial notice of her claim or her claim form as part of the record. *See* Policy, R. 1-2, Page ID #19 ("NOTICE OF CLAIM: You must tell us in writing when You have a claim for benefits . . . . The notice should include at least: Your name, Your Policy Number, and the address to which the claim form should be sent . . . .") ("CLAIM FORMS: When We get notice of Your claim We will send out a claim form to be used to file proof of loss . . . . Answer all questions and send all required information to the address on the form . . . .").

[4]Neither party made Crutchfield's written appeal or Transamerica's denial of that appeal part of the record. *See* Policy, R.1-2, Page ID #21 ("APPEAL PROCESS: . . . If you do not agree with a claim decision, You may then ask for a review. Your request must be in writing to Us and include any information you think will help Your claim. No special form is needed . . . . Within 30 days after receiving Your request, We will send You or Your representative Our decision. Our decision

In December 2010, Crutchfield filed this diversity action against Transamerica. Her initial Complaint alleged that she had a reasonable expectation that her treatment in an Alzheimer's facility would be covered under the policy, and thus Transamerica was in breach of contract when it denied her claim for Nursing Home Benefits. In October 2011 and March 2012, Crutchfield amended her Complaint. Her Amended Complaints reaffirmed her belief that her care at Barton House should be covered as Nursing Home Benefits, and alleged that she was entitled to recover under the Adult Day Care or Home Health Care provisions of the policy. She further alleged that in denying her benefits, Transamerica breached its duties of good faith and fair dealing, and violated the Kentucky Unfair Claims Settlement Practices Act, the Kentucky Consumer Protection Act, and the Kentucky Insurance Code. Crutchfield never specifically alleged in any of her three complaints that Barton House "substantially complied" with the policy definition of "Nursing Home." Nor did she allege that she sought pre-certification and was wrongfully denied benefits under the substantial compliance provision of the policy.

Transamerica filed a motion to dismiss under FED. R. CIV. P. 12(b)(6). R. 30, Page ID #154. Crutchfield opposed the motion, but again did not argue the substantial compliance issue. R. 34, Page ID #174. The district court denied the motion to dismiss, concluding that Crutchfield's Second Amended Complaint "satisfie[d] her pleading requirements . . . ." R. 40, Page ID #238.

Transamerica then filed a motion for summary judgment as to all of Crutchfield's claims. R. 42, Page ID #243. Crutchfield responded to Transamerica's motion and requested partial

will be in writing with Our reasons stated clearly . . . .").

summary judgment on her claim for Nursing Home Benefits under the policy. R. 52-1, Page ID #537 n.2. Crutchfield's response argued for the first time that Barton House substantially complied with the definition of "Nursing Home." Alternatively, she argued that the substantial compliance language in the policy is ambiguous and thus must be construed in her favor. R. 52-1, Page ID #537, 542, 545. In response to this new argument, Transamerica recognized that the substantial compliance argument had not been pled, "nor was coverage on this basis ever requested of Transamerica." R. 55, Page ID #737-38. Crutchfield countered that she requested such coverage "through the appeals process," but she also argued that any request for pre-certification "would have been futile." R. 58, Page ID #777.

The district court denied Crutchfield's request for partial summary judgment and granted summary judgment to Transamerica on all of Crutchfield's claims. *Crutchfield ex rel. Crutchfield v. Transamerica Occidental Life Ins. Co.*, No. 3:10-cv-777-H, 2012 WL 4212354, at *5 (W.D. Ky. Sept. 19, 2012). As relevant to this appeal, the district court concluded that "the Policy unambiguously states that coverage is provided under the substantial compliance provision only if pre-certification is sought. Plaintiff does not dispute that she failed to seek pre-certification. This makes her ineligible under the Policy's unambiguous terms." *Id.* at *2. The court further concluded that because the policy language was unambiguous, "[t]he reasonable expectation doctrine is thus inapplicable." *Id.* at *4. Crutchfield timely appealed the district court's decision granting summary judgment to Transamerica. R. 62, Page ID #804.[5]

---

[5]Sara Rogers Crutchfield was substituted as a party after Jeanne Crutchfield died on December 19, 2012, after her notice of appeal was filed. *Crutchfield v. Transamerica Occidental*

## II.

We review a district court's grant of summary judgment *de novo*. *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 289 (6th Cir. 1999). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he party seeking to avoid summary judgment must point to evidence in the record demonstrating a genuine dispute of material fact." *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). This means the opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). We review the district court's factual findings for clear error. *United States ex rel. Wall v. Circle C Const., L.L.C.*, 697 F.3d 345, 350 (6th Cir. 2012). The parties agree that Kentucky law applies in this diversity case.

The interpretation of an insurance policy is a question of law appropriate for determination at the summary judgment stage. *Stone v. Ky. Farm Bureau Mut. Ins. Co.*, 34 S.W.3d 809, 810-11 (Ky. Ct. App. 2000). We give the terms of an insurance policy their plain and ordinary meaning, and when the terms of the policy are clear and unambiguous, we must enforce them as drafted. *City of Louisville v. McDonald*, 819 S.W.2d 319, 320-21 (Ky. Ct. App. 1991); *Osborne v. Uniguard Indem. Co.*, 719 S.W.2d 737, 740 (Ky. Ct. App. 1986). Under Kentucky's reasonable expectations doctrine, when the terms of an insurance contract are ambiguous, we will interpret those terms "in favor of

---

*Life Ins. Co.*, No. 12-6276 (Mar. 14, 2013 Order on Mot. for Substitution).

the insured's reasonable expectations and construe[] [them] as an average person would construe them." *Hugenberg v. W. Am. Ins. Co.*, 249 S.W.3d 174, 185-86 (Ky. Ct. App. 2006).

## III.

On appeal, Crutchfield concedes that Barton House does not meet the policy's definition of "Nursing Home," and thus she cannot utilize the first path for seeking Nursing Home Benefits. Instead, through several different arguments, she asserts that she should receive Nursing Home Benefits because Barton House substantially complies with the definition of "Nursing Home." First, she argues that the phrases "substantially complies" and "nursing facilities" in the policy are ambiguous and thus should be construed in her favor under the reasonable expectations doctrine, thereby allowing her to recover benefits. Second, she argues that Barton House should be covered because it substantially complies with the definition of "Nursing Home." Third, she argues that even if she failed to seek pre-certification before she moved to Barton House, she should still be entitled to benefits for the period of time after she met the pre-certification request requirement. The district court found that Crutchfield had not met the pre-certification requirement, and that this failure precluded her other arguments. We agree with the district court that the pre-certification requirement is determinative, and on this basis, also decline to address Crutchfield's other arguments.

Crutchfield's policy unambiguously states that while "prior approval" is not required for care in a facility meeting the definition of "Nursing Home," care "at a nursing facility" that does not meet the definition of a Nursing Home may be covered by the policy, "*but only if* Our Personal Care Advisor pre-certifies that the facility substantially complies." R. 1-2, Page ID #12-13 (emphasis added).

In seeking summary judgment, Transamerica argued that Crutchfield never requested coverage on the basis that Barton House substantially complied. R. 55, Page ID #737-38. Crutchfield responded by alleging that she requested such coverage "through the appeals process," but also stated that any pre-certification request "would have been futile." R. 58, Page ID #777. On appeal, she argues at various points in her briefing that she "ask[ed] Transamerica to approve Barton House" as substantially complying, Appellant Br. at 13, that she "sought Transamerica's approval for her care at Barton House, and then appealed . . . ," Appellant Br. at 30, that she sought pre-certification "through the appeals process," Appellant Reply Br. at 15, and that Transamerica "determined that Barton House did not substantially comply with the policy's definition of 'nursing home.'" Appellant Reply Br. at 16.

But neither in her summary judgment briefing nor in her appellate briefing does Crutchfield point to any evidence supporting the conclusion that she either (1) requested coverage on the basis that Barton House substantially complied with the definition of "Nursing Home," or that (2) Transamerica denied coverage on the basis that Barton House did not substantially comply. The only evidence she points to is deposition testimony generally describing Transamerica's claims appeals process, *see* Weurdig Dep., Page ID #903-11, and deposition testimony describing why Crutchfield's initial request for Nursing Home Benefits was denied. *See* Weurdig Dep., Page ID # 921-23. None of this testimony discusses whether Crutchfield requested pre-certification, or whether Transamerica denied pre-certification on the basis that Barton House did not substantially comply with the definition of "Nursing Home." In other words, Crutchfield is challenging a determination that she has not shown was ever even made.

In opposing Transamerica's summary judgment motion, it was Crutchfield's burden to produce evidence demonstrating questions of fact as to whether she requested pre-certification or whether Transamerica denied such a request. *Newell Rubbermaid, Inc.*, 676 F.3d at 533. Her burden on this issue was magnified after Transamerica specifically asserted that Crutchfield never even made a pre-certification request. While Crutchfield alleges that she sought pre-certification "through the appeals process," it is baffling that she never supported that assertion by producing her original claim for benefits, her original claim form, the document appealing the denial of benefits, or Transamerica's letter denying the appeal. Simply put, the record is void of any evidence that a pre-certification request was made in any form, or that Transamerica denied a pre-certification request. The policy unambiguously states that a facility like Barton House may be approved, "*but only if*" it is pre-certified. R. 1-2, Page ID #12-13 (emphasis added). Based on the absence of record evidence showing that such a request was even made, it was not error for the district court to conclude that Crutchfield failed to meet this primary policy requirement.

Crutchfield's breach of contract claim is based on the premise that Transamerica wrongfully denied her benefits under the policy's substantial compliance provision. But as discussed above, Crutchfield has failed to show that Transamerica ever made that decision. Crutchfield's arguments on appeal (that benefits were wrongfully denied because the policy language is ambiguous and should be construed in her favor, and that benefits were wrongfully denied because Barton House substantially complies with the definition of "Nursing Home") are based entirely on this same faulty premise. Accordingly, we decline to address those arguments.

No. 12-6276
*Crutchfield v. Transamerica Occidental Life Insurance Co.*

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment in favor of Transamerica.